| B104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | ADVERSARY PROCEEDING (Court Use Only) |
|---|---|---|---|
| **PLAINTIFFS** S. Chase Limited Partnership., et al. | | **DEFENDANTS** BCDR Investors, LP and Presto Drapery Services, Inc. d/b/a Preston Maintenance Supply Inc. | |
| ATTORNEYS (Firm Name, Address, and Telephone No.) Hoover Slovacek LLP, c/o Brendetta A. Scott Galleria Tower II, 5051 Westheimer, Suite 1200 Houston, Texas 77056 | | ATTORNEYS (If Known) | |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Fraud, Fraudulent Transfers, Preference Action, Texas Uniform Fraudulent Transfer Act, Disallowance of Claims, and Breach of Contract

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property
☑ 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR S. Chase Limited Partnership, et. al. | BANKRUPTCY CASE NO. 18-31017-H1-11 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Southern | DIVISIONAL OFFICE Houston | NAME OF JUDGE Marvin Isgur |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**   (Check one box only.)   ☐ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B 104 Reverse
(Rev. 2/92)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Federal Rules of Bankruptcy Procedure, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action**. Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** § § § **S CHASE LIMITED PARTNERSHIP.,** *et al.,* § § **Debtors.**[1] § | **Jointly Administered Under** **Case No. (18-31017-H1-11)** |
| **S CHASE LIMITED PARTNERSHIP.,** *et al.,* § § **Plaintiffs,** § § **v.** § § **BCDR INVESTORS, LP and** § **PRESTO DRAPERY SERVICES, INC. D/B/A** § **PRESTO MAINTENANCE SUPPLY INC.,** § § **Defendants** § | **Adv. Pro. No. 18-_____** |

## S CHASE LIMITED PARTNERSHIP, CROSS WINDS HOUSTON LIMITED PARTNERSHIP, AND W POINT LIMITED PARTNERSHIP'S ORIGINAL COMPLAINT

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

S Chase Limited Partnership ("SCLP"), Crosswinds Houston Limited Partnership ("CHLP"), and W Point Limited Partnership ("WPLP"), debtors and debtors in possession (collectively the "Debtors" or "Plaintiffs"), file this Original Complaint ("Complaint") against BCDR Investors, LP ("Defendant BCDR") and Presto Drapery Services, Inc. d/b/a Presto Maintenance Supply Inc. ("Defendant Presto") would respectfully show:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: S Chase Limited Partnership (2513); Crosswinds Houston Limited Partnership (2014); and W Point Limited Partnership (2546). The location of the Debtors' service address is: 1032 Royal Marquis Circle, Ocoee, FL 34761.

{152371/00310/01228108.DOCX 1 }   1

**Jurisdiction, Venue, and Constitutional Authority**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and/or (K).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408(1) and (2).

3. The Plaintiffs consent to the entry of a final judgment by this Court in this matter.

**Parties**

4. The Plaintiffs are the debtors in possession and may be served with pleadings and process in this Adversary Proceeding through its undersigned counsel.

5. SCLP is a Florida limited partnership, formed in 2007 for the purpose of owning the Seton Chase apartment complex which is located at 7703 Seton Lake Drive, Houston, Harris County, Texas ("SC Apartments"). SCLP is managed by S Chase General Partner, Inc., its general partner ("SCGP").

6. WPLP is a Florida limited partnership, formed in 2007 for the purpose of owning the Willowbrook Point apartment complex which is located at 14150 Tomball Parkway, Houston, TX, Houston, Harris County, Texas ("WP Apartments"). WPLP is managed by WP General Partner, Inc., its general partner ("WPGP").

7. CHLP is a Florida limited partnership, formed in 2007 for the purpose of owning the Crosswinds apartment complex which is located at 14810 Crosswinds Dr, Houston, TX, Houston, Harris County, Texas ("CH Apartments"). CHLP is managed by Crosswinds General Partner, Inc., its general partner ("CGP").

8. Defendant BCDR Investors, LP is a Texas limited partnership and may be served with process by delivering a copy of the summons and Complaint to its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

9. Defendant Presto is a Texas corporation and may be served with process by delivering a copy of the summons and Complaint to its registered agent, Robert W Bondurant 319 Maverick, San Antonio, TX 78212.

**Factual Background**

10. Plaintiff and Defendant Presto contracted for the sale of building materials and appliances, and Plaintiff ultimately failed to pay for all the materials provided. When the payments were not made, Defendant Presto filed the following Mechanics and Materialman's Lien Affidavits in the Real Property Records of the Harris County, Texas:

    a. Mechanics and Materialman's Lien Affidavit, dated January 15, 2015, executed by Jesse Garcia, Credit Manager for Defendant Presto, against S Chase, in the amount of $24,425.50, plus reasonable and necessary attorney's fees and costs of filing the lien affidavit. (Instrument No. 20150019299);

    b. Mechanics and Materialman's Lien Affidavit, dated January 15, 2015, executed by Jesse Garcia, Credit Manager for Defendant Presto, against WPLP, in the amount of $23,441.00, plus reasonable and necessary attorney's fees and costs of filing the lien affidavit. (Instrument No. 20150019296); and

    c. Mechanics and Materialman's Lien Affidavit, dated January 15, 2015, executed by Jesse Garcia, Credit Manager for Defendant Presto, against CHLP, in the amount of $30,969.76, plus reasonable and necessary attorney's fees and costs of filing the lien affidavit. (Instrument No. 20150019356).

11. Subsequently, on June 18, 2015, Defendant Presto filed a lawsuit against Plaintiffs under Cause No. 2015-35171 in the 11th Judicial District of Harris County, Texas.

12. On September 28, 2017, Plaintiffs and Presto reached a Rule 11 Agreement. The Rule 11 Agreement required Plaintiffs to make 12 consecutive monthly payments commencing on October 25, 2017. (See para. 3 of the Rule 11 Agreement.)

13. The Rule 11 Agreement states:

> 11. If Defendants fully comply with the terms of this Agreement, Plaintiff shall dismiss the Lawsuit with prejudice to its right to refile the Lawsuit. Plaintiff shall submit the enclosed Notice of Nonsuit and Order which is attached hereto as **Exhibit "B."** The Notice of Nonsuit and Order shall be filed in the Lawsuit within twenty (20) days after the respective balances are paid in full. Additionally, upon Defendants' full compliance with this Agreement, Plaintiff agrees to sign and file the enclosed Release of Mechanic's and Materialman's Liens which are attached hereto as **Exhibit "C"** and release any lien connected with this Lawsuit against Defendants.

(See para. 11 of the Rule 11 Agreement.)

14. On September 29, 2017, Defendant Presto filed the proposed Agreed Judgment reached between the parties, and it was entered by the State Court on October 11, 2017. A copy of the Agreed Judgment, with the Rule 11 Agreement, is attached hereto as Exhibit 1.

15. The Agreed Judgment states that Defendant Presto shall be awarded damages for Plaintiffs' violation of the Rule 11 agreement. (See paragraphs 2-4 of the Agreed Judgment.)

16. The Agreed Judgment also states that upon Plaintiffs' default on the terms of the Rule 11 agreement, an Order of Sale shall issue. (See paragraphs 6, 9, and 12 of the Agreed Judgment.)

17. There was no finding of default under the Rule 11 Agreement prior to the filing or entry of the Agreed Judgment.

18. There is nothing indicating why the judgment was entered on the State Court's docket.

19. Counsel for Defendant Presto prepared and verified three Abstracts of Judgments for Bexar County, Texas, attached hereto as Exhibit 2, and recorded them in Harris County,

      Texas against the Plaintiffs on March 5, 2018. The Abstracts of Judgment list Plaintiffs' registered agent's address incorrectly.

20. The Abstracts of Judgment (1) incorrectly state the Plaintiffs' address and (2) do not state the address of the nature of citation, date of service or place of service.

21. Counsel for Defendant Presto did not use Harris County Clerk's form to request an Abstract of Judgment. The form is attached hereto as Exhibit 3.

22. There is no proper accounting to support the numbers on the Abstracts of Judgments.

23. The above captioned Chapter 11 bankruptcy cases were each filed on March 5, 2018 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code"). The Debtors continue to manage their respective property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

24. An order authorizing joint administration of these cases was entered on March 12, 2018 (Bankruptcy Doc. No. 32).

25. No trustee has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established. An examiner was appointed for a limited purpose of conducting a safety inspection at the apartment complexes, and the examiner's role has been terminated.

26. In the spring of 2017, the Debtors' Lenders instituted lock box for rent collection where the Debtors did not have access to revenues from rent. Ultimately, the apartment complexes each had accumulated substantial financial losses and physical degradation and did not have the needed capital to rehab the properties to take advantage of the Houston apartment market improvements. Without the capital expenditures being

available for necessary improvements, occupancy rates at each of the properties began to decline. Accordingly, the Debtors were also alleged to be in default under their loan agreements.

27. Further, Hurricane Harvey caused damage to all complexes including water damage to several units which need to be completely gutted and repaired. Although insurance claims were filed, the Debtors were still working on those claims at the time the Bankruptcy was filed.

28. As of the Petition Date, SC Apartments has a current occupancy rate of approximately 64%. WP Apartments and CH Apartments each has a current occupancy rate of approximately 49%.

29. As more fully described in the *Declaration of Gordon Steele in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief*, prior to the bankruptcy filings, the Debtors unsuccessfully petitioned current investors for additional capital to rehab the complexes. Without the ability to rehab the properties in order to increase occupancy rates, the Debtors sought to find a new investor or sell the properties. The properties were marketed by a broker. A purchase offer for the three properties was negotiated and pending consideration by the Secured Lenders.

30. The Secured Lenders posted the properties for foreclosure on March 6, 2018 and would not agree to postponing the sale to allow time to negotiate a forbearance agreement and allow time needed process the loan assumption for the buyer, thereby prompting the filing of these Chapter 11 cases. The Lenders proposed a forbearance agreement which, if agreed upon, would have substantially altered the loan documents to the detriment of the Debtors.

31. On April 6, 2018, Defendant BCDR alleges that it entered into an Assignment Agreement ("Assignment") with Defendant Presto, whereas Defendant Presto assigned to Defendant BCDR all of its interests in the Agreed Judgment, including the Abstracts of Judgment.

32. On April 12, 2018, Defendant BCDR filed the following Proofs of Claims as secured claims:

| Case Number | Debtor | Claim Number | Amount | Exhibit Hereto |
|---|---|---|---|---|
| 18-31017 | S Chase Limited Partnership | 6 | $11,852.01 | 4 |
| 18-31018 | Crosswinds Houston Limited Partnership | 6 | $10,327.51 | 5 |
| 18-31020 | W Point Limited Partnership | 6 | $10,440.68 | 6 |

(collectively the "BCDR POC's").

## Causes of Action

### I. First Cause of Action - 11 U.S.C. §§ 547 and 550

33. Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

34. To the extent the March 5, 2018 Abstracts of Judgment ("Abstracts") were made in satisfaction of one or more antecedent debts owed by Debtors, the Abstracts are avoidable as preferential transfers under 11 U.S.C. § 547. Under § 547, the Trustee may avoid any transfer of an interest of the Debtor in property–

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made–

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor would receive if–

    (A) the case were a case under chapter 7 of the Bankruptcy Code;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. 11 U.S.C. § 547(b).

35. At the time of the Abstracts (Transfers[2]), Defendant Presto was a creditor of the Debtors. The Abstracts were made on account of antecedent debts owed by Debtors to Defendant Presto.

36. Furthermore, the Abstracts were made while the Debtors were insolvent and within ninety (90) days before the Petition Date. Debtors are woefully insolvent and were insolvent at the time of the transfer. Section 547 (f) states that for the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

37. The Abstracts enabled Defendant Presto and now Defendant BCDR to receive more than it would have otherwise received in a chapter 7 liquidation had those transfers not been made. Defendant BCDR, as assignee of Defendant Presto, filed secured claims.

38. Under 11 U.S.C. § 550(a), the Debtor may recover the payments from "the initial

---

[2] As defined by 11 U.S.C. §101 (54) (A) and (D)

transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a). Defendant Presto was the initial transferee of the Abstracts. In the alternative, Defendant Presto was the entity for whose benefit the Abstracts were made, and Defendant BCDR is now the assignee of Defendant Presto. Therefore, Debtors are entitled to avoid Abstracts.

### II. Second Cause of Action – Fraud, 11 U.S.C. §§ 548 and 550

39. Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

40. Defendant Presto's filing or submission of the Agreed Judgment[3] on September 29, 2017, one day after the Rule 11 Agreement that did not require a payment from Plaintiffs until October 25, 2017, was fraudulent and is avoidable as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A).

41. The Rule 11 Agreement states:

> 11. If Defendants fully comply with the terms of this Agreement, Plaintiff shall dismiss the Lawsuit with prejudice to its right to refile the Lawsuit. Plaintiff shall submit the enclosed Notice of Nonsuit and Order which is attached hereto as **Exhibit "B."** The Notice of Nonsuit and Order shall be filed in the Lawsuit within twenty (20) days after the respective balances are paid in full. Additionally, upon Defendants' full compliance with this Agreement, Plaintiff agrees to sign and file the enclosed Release of Mechanic's and Materialman's Liens which are attached hereto as **Exhibit "C"** and release any lien connected with this Lawsuit against Defendants.

(See para. 11 of the Rule 11 Agreement.)

42. The Agreed Judgment states that Defendant Presto shall be awarded damages for Plaintiffs' violation of the Rule 11 agreement. (See paragraphs 2-4 of the Agreed Judgment.) Plaintiffs were not in violation of the Rule 11 Agreement. The initial payment was not due until October 25, 2017. Plaintiffs were not given the opportunity

---

[3] The Agreed Judgment was entered by the State Court on October 11, 2017.

to make the first payment before Defendant Presto filed the Agreed Judgment finding Plaintiffs in violation.

43. There was no finding of default under the Rule 11 Agreement prior to entry of the Agreed Judgment.

44. There is nothing indicating why the judgment was entered on the State Court's docket.

45. It was fraudulent for Counsel for Presto to prepare and verify the three Abstracts of Judgments for Bexar County, Texas, attached hereto as Exhibit 2, and record them in Harris County, Texas against the Plaintiffs on March 5, 2018. The Abstracts of Judgment list Plaintiffs' registered agent's address incorrectly.

46. Furthermore, Counsel for Presto did not use Harris County Clerk's form to request an Abstract of Judgment. The form is attached hereto as Exhibit 3. If the Clerk's form had been used, then this error, no finding of default prior to entry of the Agreed Judgment and obtaining a lien by way of the Abstracts, may have been revealed.

47. Additionally, there is no proper accounting to support the numbers on the Abstracts.

48. The Agreed Judgment and Abstracts are also fraudulent transfers or obligations because the Plaintiffs received less than a reasonably equivalent value in exchange for such or obligations or transfers under the Agreed Judgment and Abstracts; and the Plaintiffs were (1) insolvent on the date those obligations or transfers were incurred or became insolvent as a result of such transfers or obligations, (2) were engaged or were about to engage in business for which the Debtors had unreasonably small capital, and/or (3) intended to incur or believed Debtors would incur debts beyond its ability to pay.

49. Under 11 U.S.C. § 550(a), the Trustee may recover the value of the Agreed Judgment

and Abstracts from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a). Defendant Presto was the initial transferee of the Agreed Judgment and Abstracts that were assigned to Defendant BCDR. In the alternative, the Defendant Presto was the entity for whose benefit such transfers were made. Therefore, the Trustee is entitled to avoid and recover the value of the Agreed Judgment and Abstracts from the Defendants. The term assignment means the transfer of property or some right or interest from one person to another. *University of Texas Medical Branch v. Allan,* 777 S.W.2d 450 (Tex.App. Houston 14th Dist. 1989).

### III. Third Cause of Action - Texas Uniform Fraudulent Transfer Act

50. Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

51. The Agreed Judgment and Abstracts are avoidable as fraudulent transfers under TEX. BUS. & COM. CODE ANN. § 24.001, *et seq.* (the "Texas Uniform Fraudulent Transfer Act" or "TUFTA"), which the Trustee incorporates pursuant to 11 U.S.C. § 544(b)(1).

52. The Plaintiffs made the Avoidable Transfers to Defendant Presto without receiving reasonably equivalent value in exchange for the Transfer. Additionally, when the Debtors made the Avoidable Transfers to Defendant Presto, Debtors (1) were engaged or were about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction, or (2) intended to incur, or believed or reasonably should have believed that the Debtors would incur, debts beyond the ability to pay as they became due. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.005(a)(2), and the Trustee may avoid and recover the Avoidable Transfers.

53. The Debtors made the Avoidable Transfers to Defendant Presto (1) without receiving reasonably equivalent value in exchange for the Avoidable Transfers, and (2) the Debtors were either insolvent when they made the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers. At the time of the Avoidable Transfers, (1) the Debtors' debts exceeded the fair valuation of all of its assets, and (2) the Debtors were generally not paying their debts as they became due.

54. The apartment complexes each had accumulated substantial financial losses and physical degradation and did not have the needed capital to rehab the properties to take advantage of the Houston apartment market improvements. Without the capital expenditures being available for necessary improvements, occupancy rates at each of the properties began to decline. Accordingly, the Debtors were alleged to be in default under their loan agreements. The Lenders instituted lock box for rent collection where the Debtors did not have access to revenues from rent.

55. The Secured Lenders posted the properties for foreclosure on March 6, 2018 and would not agree to postponing the sale to allow time to negotiate a forbearance agreement and allow time needed process the loan assumption for the buyer, thereby prompting the filing of these Chapter 11 cases. The Lenders proposed a forbearance agreement which, if agreed upon, would have substantially altered the loan documents to the detriment of the Debtors.

56. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.006(a), and the Trustee may avoid and recover the Avoidable Transfers.

57. Because the Avoidable Transfers were fraudulent under TEX. BUS. & COM. CODE

ANN. §§ 24.005(a)(2) and 24.006(a), the Trustee may avoid the Avoidable Transfers to the Defendants under TEX. BUS. COM. CODE ANN. § 24.008. Pursuant to 11 U.S.C. § 550(a) and TEX. BUS. & COM. CODE ANN. § 24.008, the Trustee may recover from the Defendants the value of the Avoidable Transfers.

**V. Fourth Cause of Action - Disallowance of Claims Pursuant to 11 U.S.C. § 502(d)**

58. Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

59. Bankruptcy Code § 502(d) provides that "[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

60. Plaintiff hereby objects to proofs of claims set out in the below chart filed by Defendant BCDR on April 12, 2018 as secured claims and requests a determination of the extent, validity and priority of the lien claim:

| Case Number | Debtor | Claim Number | Amount | Exhibit Hereto |
|---|---|---|---|---|
| 18-31017 | S Chase Limited Partnership | 6 | $11,852.01 | 4 |
| 18-31018 | Crosswinds Houston Limited Partnership | 6 | $10,327.51 | 5 |
| 18-31020 | W Point Limited Partnership | 6 | $10,440.68 | 6 |

61. A proceeding to determine the validity, priority or extent of a lien or other interest in property must be brought by an adversary proceeding. Fed. R. Bankr. 7001.

62. A properly filed proof of claim carries with it the presumption of validity. 11 U.S.C. §502; Fed.R. Bankr. P. 3001(f). However, the presumption of a prima facie valid claim is not automatic for facially defective claims - the claim must be sufficiently detailed and substantial to allow it to be considered as prima facie evidence of its validity. *In re Scholz*, 57 B.R. 259, 261 (Bankr. N.D. Ohio 1986).

63. The objecting party need only rebut the initial presumption of validity to disallow the claim. *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y, 2000). The ultimate burden to prove the validity of the claim then re-vests upon the creditor. *Id*.

64. Under Federal Rules of Civil Procedure Rules 8 and 12, the claimant must state a claim with sufficient detail to apprise the reasonable person of the reason the Debtor owes the amount indicated. *See In re Grocerland Co-Op., Inc.*, 32 B.R. 427, 437 (Bankr. N.D. Ill. 1983) (under former Rule 301 "for [the] court to approve a proof of claim, facts of sufficient particularity must be supplied to put the trustee on notice.").

65. In this case, Defendants BCDR asserts a lien claim based on an underlying Agreed Judgment and Abstracts that were improperly obtained or entered for the reasons set out above. Additionally, there is no proper accounting to support the numbers on the Abstracts, and Debtors object to any legal fees or expenses to the extent not set forth with sufficient particularity.

66. The Abstracts are void; and therefore, liens do not attach. The Abstracts (1) incorrectly state the Plaintiffs' address and (2) do not state the address of the nature of citation, date of service or place of service. Since the abstract of judgment failed to list the address of appellee or the nature of the citation and the date and place of service as required by *Tex. Prop. Code Ann. § 52.003* (1984), the lien was invalid. *Texas*

*American Bank v. Southern Union Exploration,* 714 S.W.2d 105 (Tex. App.--Eastland 1986, writ ref'd n.r.e.). (abstract did not state address of defendant, nature of citation, date of service, or place of service).

67. Accordingly, Plaintiffs request that the court issue an order and judgment determining the amount and extent of the lien claim asserted by the Defendant, and that the court disallow and avoid the lien claim.

### V. Fifth Cause of Action – Breach of Contract under Texas State Law

68. Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

69. Texas law recognizes a cause of action for breach of contract. The elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) material breach by the defendant; and 4) damages sustained by the plaintiff as a result of that breach. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.,* 227 S.W.3d 876, 882 (Tex. App.--Dallas 2007, no pet.)

70. Under the Rule 11 Agreement, Plaintiffs made express agreements with Defendant Presto.

71. Under the Rule 11 Agreement, Plaintiffs first payment was due on October 25, 2017.

72. Despite this plain and unambiguous language of the Rule 11 Agreement, Defendant Presto filed the Agreed Judgment finding Plaintiffs in violation of the Rule 11 Agreement.

73. By reason of the foregoing intentional acts and omissions, Defendant Presto has breached the Rule 11 Agreement with Plaintiffs for which it is liable for damages resulting from this breach.

### Attorneys' Fees

74. The Plaintiffs request an award of its reasonable attorneys' fees and costs pursuant to TEX. BUS. & COM. CODE § 24.013 and all other applicable law.

### Pre- and Post-Judgment Interest

75. The Plaintiffs seek pre- and post-judgment interest on its recovery at the maximum amount allowable by law.

### PRAYER

WHEREFORE, Plaintiffs respectfully request this Court: (1) enter judgment in its favor and against Defendants on all of Plaintiffs' claims as set out above, including actual damages, punitive damages, and discharge of liens to be determined at trial; and (2) disallow and expunge the BCDR POCs' in their entirety, pursuant to 11 U.S.C. § 502(b)(1). Plaintiffs also request this Court award reasonable costs and attorneys' fees incurred in this action, and for all such further legal or equitable relief to which Plaintiffs may be entitled.

DATED: May 25, 2018

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Brendetta A. Scott*
BRENDETTA A. SCOTT
State Bar No. 24012219
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395
scott@hooverslovacek.com

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

HOOVER SLOVACEK LLP

DEIRDRE CAREY BROWN
State Bar No. 24049116
brown@hooverslovacek.com
MELISSA A. HASELDEN
State Bar No. 00794778
haselden@hooverslovacek.com
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395