**United States Bankruptcy Court**

Southern District of Texas

In re W Point Limited Partnership, Case No. 18-31020

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Juniper Investment Group, Ltd.** | **Acuity Electric, Inc. dba A.Q. Electric** |

Name and Address for notices and payments:
520 Post Oak Blvd., Suite 575
Houston, Texas 77027
Phone:(713) 972-9310

Court Record Address of Transferor
(Court Use Only)

Name & Current Address of Transferor
Acuity Electric, Inc.
dba A.Q. Electric
7814 Fulton St.
Houston, Texas 77022
Phone:(713) 695-5992

Court Claim #_____
Sched D $1,271.99

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Chris Truong      Date: May _18_, 2018
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| DEADLINE TO OBJECT TO TRANSFER- |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection

1

is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

                                        _____
                                        **CLERK OF THE COURT**

## ASSIGNMENT OF CLAIM

Acuity Electric Inc. dba A.Q. Electric, having a mailing address of 7814 Fulton St., Houston, Texas 77002 ("**Assignor**"), in consideration of the sum of $! ``          ("**Purchase Price**") does hereby transfer to Juniper Investment Group, Ltd., having an address at 520 Post Oak Blvd., Suite 575, Houston, Texas 77027 ("**Assignee**") all of Assignor's right, title and interest in and to claim or claims of Assignor, as more specifically set forth (the "**Claim**") in *In re W Point Limited Partnership,* Case No. 18-31020, ("**Debtor**") Debtor in proceedings for reorganization (the "**Proceeding**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), jointly administered under *In re S Chase Limited Partnership*, Case No. 18-31017 in the currently outstanding amount of not less than $1,271.99 and all rights and benefits of Assignor relating to the Claim, including without limitation any proof of claim filed by Assignor, and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim, together with voting or other rights and benefits arising from, under or relating to any of the foregoing, and all liens and security interests securing such Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest. For the avoidance of doubt, the Claim shall include, without limitation, any and all lien claims, cure claims, reclamation claims and administrative priority claims that may arise out of the same underlying contracts or facts and circumstances that give rise to the Claim.

Assignor further represents and warrants that: the amount of the Claim is not less than $1,271.99; the Claim in that amount is valid and enforceable; no objection to the Claim exists; the Claim is listed by the Debtor on its schedule of liabilities as amended to date ("**Schedule**") as such; no consent, approval, filing or corporate partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, in full and partial satisfaction of, or in connection with the Claim; Assignor has not engaged in any acts, conduct or omission that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment per dollar of any claim other than unsecured creditors; the Claim is not subject to any factoring agreement; Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever; and it is not subject to any offset, defenses or subordination that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignor is aware that the above Purchase Price will differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any matter relating to the

Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings) made its own analysis and decision to enter into this Assignment of Claim.

Assignee assumes all of the recovery risk in terms of the amount paid on the Claim. Assignee does not, however, assume the risk that all or any part of the Claim may become, becomes, or is disallowed, avoided, reduced, disputed, objected to or otherwise impaired in any way (any of the occurrences or conditions described is referenced herein singularly and/or collectively as an "**Impairment**"). In the event of Impairment, Assignor agrees to immediately refund an amount equal to the portion of the Claim Amount subject to the Impairment multiplied by the Purchase Rate.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase. the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction in its sole discretion that the Claim has been allowed in the higher amount and that neither the Claim nor distributions thereon is subject to any potential objection or reduction by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days after receipt thereof) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee. The terms of this Assignment of Claim shall be binding upon, and shall insure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

2

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations, warranties, indemnities and agreements made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of Texas. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in Harris County, Texas, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in the Assignment of Claim, and in any action hereunder Assignor waives the right to demand a jury trial.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this 18th day of May, 2018.

Attest

By: _____     Telephone:
Signature                       713-695-5992

Print Name Title:               Fax:                    E-mail:
~~Chris Troung~~ Chuong Truong   713-659-5994           age@acuityelectric.com
CFO and Counsel
**Acuity Electric, Inc. dba A.Q. Electric**

IN WITNESS WHEREOF, the undersigned Assignee hereunto sets its hand this 18th day of May, 2018.

Attest

VINH T. TRAN
Notary Public, State of Texas
My Commission Expires
December 29, 2018

20697776v.1 152375/00001

By:
Todd Boone
**Juniper Investment Group, Ltd.**
(713) 972-9310
(713) 972-9311 (Fax)
Todd Boone

4